Plácido Longo & Co., Plaintiff and Appellee, *v.* Rafael Sancho Bonet, etc., et al., Defendants and Appellants.

No. 7266. Argued June 1, 1936.—Decided June 4, 1936.

*B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellants. *Dubón & Ochoteco* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Appellee has moved to dismiss the appeal taken in this case on the ground that it is frivolous, and we believe that said contention is correct.

Plácido Longo and Co. brought an action against the Treasurer of Puerto Rico for the return of a certain sum which he collected from the plaintiff as a tax of one-fourth cent per pound on several thousand pounds of tobacco, purporting to act under the provisions of Joint Resolution No. 13 of 1929 (Laws, Vol. 2, p. 74), as amended by Act No. 11 of April 21, 1930 (Laws p. 156). The complaint is based on the unconstitutionality of the Joint Resolution and on its inapplicability to the facts of the case.

The defendant answered. Judgment was requested on the pleadings. The court denied the motion. The parties then submitted the case on a stipulation which, in so far as pertinent, says:

"6.—That on July 24, 1934, the plaintiff was obliged to pay and did pay to the defendant, under compulsion and in the fear of having

its property sold at public auction, the sum of $1,003.76 as a one-fourth cent per pound tax on the above-mentioned 401,403 pounds of tobacco; but of that sum, only $915.41 were paid under protest.

"7.—That of the said 401,503 pounds of tobacco, 240,398 pounds came from tobacco harvested and produced by the plaintiff from its own fields and were sold by it, the said 240,398 pounds of tobacco having been destroyed entirely by the above-mentioned fire.

"8.—That of the 401,503 pounds of tobacco to which the complaint refers, 152,934 pounds belonged to Jesús Longo, José Valiente and Plácido Longo, persons other than the plaintiff, and were totally destroyed by the fire already mentioned.

"9.—That the 152,934 pounds of tobacco belonging to the said Jesús Longo, José Valiente and Plácido Longo were neither produced nor harvested by the plaintiff and were stored in its warehouses as a deposit only, on the date on which they were destroyed by the fire, and said 152,934 pounds of tobacco were never sold by their producer or harvester or by the plaintiff."

The court rendered judgment against the defendant. In its opinion the court concludes that the law involved is unconstitutional and that even if it were not, the tax was not collectible in accordance with its provisions.

The motion to dismiss ignores the constitutional question and we shall do likewise.

■ Section 2 of Joint Resolution No. 13, as amended by Act No. 11 of 1930, provides:

"For the purpose of carrying out the provisions of this Act, a tax of one-quarter (¼) cent shall be levied or collected on each pound of tobacco harvested in Porto Rico; *Provided,* That said tax shall he collected but once each year at the time of sale by the grower, who shall be bound to leave in the hands of the buyer the one-quarter cent a pound of tobacco provided for in this Section. Buyers shall in turn pay said tax to the Treasurer of Porto Rico in such form as the latter may by regulation prescribe . . ."

If the tobacco involved was never sold, if it was totally destroyed by fire, how is it possible to collect a tax which, according to the express terms of the law which levies it *shall be collected* but once each year *at the time of sale by the grower?*

156

 The appellant referred in oral argument to the fact that the complaint shows that the tobacco was insured.

That is true, but as the levying and collection of a tax is involved, it is not possible, to construe the insurance as a sale.

It is true, as the appellant maintains, that the tax is on the tobacco, but it is also true that the tax may only be collected when the tobacco is sold. Destruction by fire is not a sale. One could imagine cases in which the collection of fire insurance would be equivalent to the result of a sale, because, although the tobacco is materially destroyed by the fire, its value, in so far as it was insured, is received by the owner. If some equitable right were involved, the question would be important. But that is not the case. The case involves the right to collect a tax, which cannot be enforced unless it clearly appears from the law, and it does not appear here with the necessary clarity.

The appeal is accordingly dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.